## SOLA *v.* MORERA ET AL.

APPEAL from the District Court of San ·Juan.

No. 50.—Decided May 16, 1904.

INTERVENTION OF OWNERSHIP—TITLE OF PLAINTIFF IN INTERVENTION—ANNUL-
MENT OR RESCISSION THEREOF.—If in a complaint in intervention of owner-
ship the title of the plaintiff in intervention is attacked on the ground
that it is ineffective, either because it is null or capable of being rescinded,
or because it was acquired in fraud of creditors, the defendant in his answer
must expressly request the annulment or rescission of such title.

ACTION FOR RESCISSION—CONTRACTS EXECUTED IN FRAUD OF CREDITORS.—Actions
for rescission are subsidiary, and therefore in order to consider the rea-
sons which may justify the rescission of a sale made in fraud of creditors
it is necessary to show that there is no other means of obtaining repara-
tion for the damage.

CANCELLATION OF RECORD.—In order that the cancellation of a record of a
title in the registry of property may be ordered it is necessary first to
allege and pray for the nullity of such title, and the cancellation of the
record thereof will not be ordered in cases where the same has not been
requested.

THIRD PARTY—CAUTIONARY NOTICE OF ATTACHMENT.—A cautionary notice of
attachment entered in the registry of property at the request of a creditor
cannot prejudice a property right acquired by a third party prior to the
entry of such cautionary notice of attachment, although the property right
may not have been recorded prior to the entry of such notice.

### STATEMENT OF THE CASE.

This is an action instituted in the District Court of San
Juan by Saturnino Solá y Rodríguez against Juan Morera
Martínez and Francisco Armengol, indorsee and manager,
respectively, of Baquero & Gándara, involving an interven-
tion of ownership. This case is pending before us on appeal
in cassation, now ordinary appeal, prosecuted by the plaintiff
from the judgment of such court, Saturnino Solá y Rodríguez
having been represented in this court by Attorney Antonio
Sarmiento, and the defendants having been successively
represented by Attorneys Hilario Cuevillas y Hernández and
Jacinto Texidor.

Said judgment reads as follows:

''Judgment.—In the city of San Juan, Porto Rico, the 7th day
of April, 1902. A hearing was had of the present action instituted

by José Saturnino Solá y Rodriguez, represented by Attorney Sarmiento y Porrás, against Juan Morera Martínez and Francisco Armengol, indorsee and manager, respectively, of Messrs. Baquero & Gándara, involving an intervention of ownership of a house attached in verbal actions brought by the defendants in the municipal court of the San Francisco district against Aniceto Crespo for the recovery of a sum of money.

"On September 22, 1900, Juan Morera Martínez, as assignee of Baquero & Gándara, brought a verbal action in the municipal court óf the San Francisco district of this city against Aniceto Crespo, a resident of Aguas Buenas, for the recovery of six hundred and sixty-one *pesos* and twenty-seven *centavos,* provincial money, upon a matured installment.

"Francisco Armengol, manager of Baquero & Gándara, brought an action on the same date and before the same court against the said Aniceto Crespo, for the recovery of six hundred and fifty *pesos* and sixty-three *centavos,* provincial money.

"In both actions a cautionary attachment was applied for and granted, the same being levied by the municipal court of Aguas Buenas in each case upon one-half of a house.

"Orders in duplicate having been issued to the Registrar of Property of Caguas directing him to enter both cautionary attachments of record, said orders were presented in that office on September 24, 1900, and on the 27th of said month the cautionary notice was made without difficulty upon the attached house, which appeared on the registry on that date as the property of Aniceto Crespo.

"The prosecution of the verbal actions having been continued, judgment was rendered in both of the same under date of the 9th of October directing Aniceto Crespo to make payment of the amounts sued for, together with interest and costs, notice of which judgments was served upon the defendant and the same became final on the 25th of said month.

"At this stage of the proceedings Saturnino Solá y Rodríguez brought an action in intervention of ownership against Baquero & Gándara and Juan Morera Martínez, on October 16, 1900, based on the facts alleged in his petition found at folio 3.

"It is averred as facts that the plaintiff in intervention purchased the attached house on July 23, 1900, from Mrs. Calixto Ortiz y Rodríguez, wife of Aniceto Crespo, for the sum of twelve hundred dollars American money, and that the deed of purchase and sale had been recorded in the registry of property.

"The grounds of law relied upon are confined to a declaration that the contract of purchase and sale constitutes a sufficient title to convey ownership, and that inasmuch as the plaintiff in intervention had produced a document evidencing a contract of that description, the ownership claimed by him should be respected, it being clear that by means of the appropiate action, he is entitled to recover his house from any person having the same in his possession as holder or possessor, wherefore the attachments should be discharged and the property placed at his free disposal, the defendants to pay all the costs of the proceedings.

"In consequence of the refusal of the defendants to recognize the ownership sought to be established, the verbal actions were suspended and the prosecution of the proceedings in intervention of ownership was continued throughout all the formalities, the defendants having requested in the final prayer of their answer that the complaint be rejected, that they be acquitted thereof, and that the entry suspending the proceedings made in the verbal actions be vacated, the costs to be expressly imposed upon the plaintiff in intervention.

"From the evidence and documents produced in the case it appears that not only the facts set forth in the foregoing findings of fact have been established, but the following also appears to be proved: 1. That Mrs. Calixta Ortíz y Rodríguez, the wife of Aniceto Crespo, while still married, sold the property involved in this controversy to Saturnino Solá, on July 23, 1900; 2. That no cash consideration, but only an admitted one, appears to have been paid at the said sale in the presence of the notary; 3. That the deed of sale executed by Mrs. Calixta Ortiz states that the vendor acquired the property by purchase from Paulino Pumareda del Valle, out of her separate funds, that is, paraphernal property, by deed executed June 26, 1899, before a notary of Bayamón; 4. That said purchase made from the separate paraphernal property of the wife is not shown except by the admissions of the husband contained in said documents; 5. That neither the deed of July 23, 1900, nor that of June 26, 1899, was recorded in the registry of property until September 29, 1900, the house having appeared upon the registry up to that date as the property of Aniceto Crespo.

"During this action Marcelino Solá has not shown, or even attempted to show, that Mrs. Calixta Ortiz brought property to her marriage with Aniceto Crespo, either as paraphernal property or any other kind.

"The plaintiff in intervention has not impeached either the genuineness of the claims of the defendants or the correctness of the judgments obtained by the latter against Aniceto Crespo in the verbal actions in question.

"On the 25th of March of the present year the oral trial was held, at which, after reviewing the evidence taken, the attorneys for the parties presented arguments in support of their respective contentions, and upon the conclusion thereof a day was set for the voting upon the judgment.

"Upon the termination of all the steps in the trial, the voting on the judgment took place, on the 7th of April last, after a citation of the parties, the same being unanimously rendered in favor of dismissing the complaint, the costs being imposed upon Marcelino Solá.

"In this case all the formalities prescribed for this class of actions by the Law of Civil Procedure and General Order No. 118 have been observed.

"When, as in the present case, no marriage agreement exists, the marriage is understood to have been contracted under the system of conjugal partnership. (Art. 1315 of the Civil Code).

"Property acquired for a valuable consideration during the marriage at the expense of the partnership property, whether the acquisition is made for the partnership or for one of the spouses only, belongs to the conjugal partnership, that is to the parties to the marriage. (Art. 1401, subd. 1, of the Civil Code.)

"The house involved in this litigation having been purchased during the marriage of Aniceto Crespo and Mrs. Calixta Ortiz, it cannot be questioned that said property belonged from the time of its acquisition to the parties to said marriage and to the conjugal partnership, not only by reason of the matters set forth in the foregoing conclusions of law, but also because neither in this action nor in the deed of purchase has it been proven that the amounts expended in the purchase belonged to the wife, Calixta Ortiz, as paraphernal property, and the mere confession of the husband cannot be accepted for the reason that it is not sufficient for the purpose, according to the doctrine laid down by the Supreme Court of Spain in its decisions of December 4, 1867, December 15, 1860, and January 4, 1867.

"Under these circumstances, as the ownership over the same thing cannot be considered as existing exclusively in several persons at the

same time, it must be held that as the thing belongs to the conjugal partnership, and the latter being still in existence when Calixta Ortiz sold the property in question, she never had the ownership of the same.

"In accordance with the legal principle that no one can transmit to another greater rights than those which pertain to him, it is evident that Calixta Ortíz could not convey to Marcelino Solá a right of ownership which she did not possess, and the deed of sale of July 12, 1900, is therefore not tainted with nullity because lacking in the requirements prescribed by article 1261 of the Civil Code.

"Pursuant to article 33 of the Mortgage Law, the recording of instruments which are null according to law does not render the same valid, and Marcelino Solá cannot adduce the provisions of article 34, since in the registry itself it appeared that the person with whom he contracted was a married woman, and the evidence necessary at all times to prove the existence of paraphernal property, in order to destroy the legal presumption, established by the registry, that the property which he was about to purchase pertained to the conjugal partnership, so long as it be not duly shown that the wife brought into the said partnership a sufficient amount to permit of the acquisition of the property by her, and the provisions of the second paragraph of the said article cannot be successfully invoked in this behalf, because the said paragraph can only be availed of by a third party, and Marcelino Solá is not a third party, according to the decision of the Supreme Court of Spain rendered February 7, 1896, and other decisions of the same court.

"Calixta Ortiz being devoid of the ownership of the property, she could not transmit the same to any one, and Marcelino Solá being nothing more than her successor in interest with respect to such ownership these proceedings in intervention are improper, as they could not arise from or be sustained except by virtue of the existence of such right.

"Petitions of nullity are understood to be implied in every application which in itself precludes the validity of acts, and it is not necessary to make any specific claim upon these points, as the Supreme Court of Spain has held a great many times.

"Cautionary attachments subject the property entered to the effectiveness of the transactions for the security of which they have been established, so that the house in question is subject to the credits declared by the final judgment in favor of the creditors sued by Marcelino Solá, not only from the date on which the cautionary

notices of attachments were entered, but also from the date of the presentation of the orders of September 24, 1900.

"Although article 44 of the Mortgage Law declares that the preference of credits entered refers only to others of a subsequent date, it is understood that when preferred rights are involved, regard should be had not only to the evidences of indebtedness, but principally to the credits for which preference is claimed, and here it happens that the right of Marcelino Solá is tainted with nullity, has no legal existence, and cannot be presented for comparison.

"The conjugal partnership is liable for all the debts and obligations contracted during the marriage by the husband, which is the case with Juan Morera Martínez and Baquero & Gándara, who have a final judgment in their favor, and against which nothing has been alleged to the contrary. (Art. 1408, subd. 1., of the Civil Code.)

"According to article 1297 of the Civil Code contracts by virtue of which the debtor alienates property, for a gratuitous consideration, are presumed to be executed in fraud of creditors, the presumption which classifies as a gratuitous consideration everything in which the delivery of the stipulated price merely appears as admitted, being a legal presumption. (Arts. 397 and 40 of the Mortgage Law). And in this suit it is found that the plaintiff in intervention has not shown that he has in reality paid the purchase price of the house of which he claims ownership.

"The community property being liable for the payment of the debts and obligations contracted during the marriage of the husband, it cannot be permitted, under any legal theory, that a married woman should dispose of said property, not for the purpose of satisfying said charges, but for the purpose of appropriating the amount thereof, upon the ground of bringing to the marriage property which has not been purchased and it therefore appears that the conveyance made by Mrs. Calixta Ortiz is in manifest violation of the provisions of articles 141 and 1408 of the Civil Code, the nullity of said contract being obvious, in view of the provisions of article 4 of the same Code.

"According to section 63 of General Order No. 118 costs should be paid by the litigant who loses his case on all points.

"In view of the legal provisions cited in the body of this judgment, we adjudge that we ought to declare and do declare that the proceedings in intervention instituted by Marcelino Solá will not lie, and that Juan Morera Martínez and Baquero & Gándara are acquitted of liability under the complaint, and in consequence thereof we order the notes of the suspension of the proceedings made in

the verbal action to be cancelled, the plaintiff in intervention, Marcelino Solá being expressly adjudged to the payment of all the costs. Thus by this our judgment do we pronounce, order and sign. Juan R. Ramos, José R. F. Savage, Angel García.''

''Notice of said judgment having been served upon Saturnino Solá Rodríguez, he took an appeal in cassation to this court for error of law, which was allowed, and the record was ordered to be forwarded to this court after citation of the parties for the legal period. The parties having appeared, after the appeal had been conducted as one of cassation, it was thereafter proceeded with as an ordinary appeal, under the provisions of the act of March 12, 1903, converting this Supreme Court into a court of appeals. A day was set for the hearing, at which the appellant and respondent alleged such matters as they deemed proper in support of their respective contentions.

　*Mr. Sarmiento,* for appellant.

　*Messrs. Cuevillas* and *Texidor,* for respondents.

　MR. JUSTICE SULZBACHER, after stating the foregoing facts, delivered the opinion of the court.

The findings of fact of the judgment appealed from are accepted.

In their answer the defendants merely ask that the complaint be rejected and that they be acquitted thereof, the note of the suspension of the proceedings made in the verbal action being cancelled, but without seeking a declaration as to the nullity of the deed of sale in favor of the plaintiff in intervention, Solá, or the rescission of said deed, as would be the case if the basis of the answer were the invalidity of the consideration for its nullity, or if it should have been rescinded in consequence of having been executed in fraud of creditors.

The grounds set up by the defendant do not constitute legal causes for the annulment of the deed of ownership of the plaintiff in intervention, and in order to take into consideration the grounds for the nullification of the sale made

in fraud of creditors, it is necessary to bear in mind article 1294 of the Civil Code, which declares the action to be a subsidiary one, which can be maintained only in the absence of some other legal remedy, and this fact has not been established.

The application for the annulment of the document showing the ownership of the plaintiff in intervention, or at least an allegation of the fact, should be considered necessary to order the annulment of the record thereof in the registry of property, and if it has not been prayed for or alleged, it would be improper to order the registrar to proceed to such annulment of the entry.

Inasmuch as the deed of purchase of Solá was prior to the cautionary notice of the attachment levied in favor of the defendant, article 44 of the Mortgage Law must be applied in favor of the plaintiff in intervention, as has been held by this court in analogous cases, the said cautionary notice of attachment not operating to his disadvantage.

Reversing the judgment appealed from, we adjudge that the complaint in intervention was properly presented, and we order the property in question to be left at the free disposal of the plaintiff in intervention, the costs of the suit to be paid by the opposing defendants, and no special imposition being made of the costs of the appeal. The records are ordered to be returned with the proper certificate.

Chief Justice Quiñones and Justices Hernández, Figueras and MacLeary concurred.